IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RANDY L. ADAMS; DAVID J. AMONS;     )
FREDDIE BOLTON, JR.; WILEY BROOKS, JR., )
Individually and As Representative of     )
THE ESTATE OF WILEY BROOKS;     )
CLARENCE EDWARD BRYANT, SR.;     )
JESSIE L. CARTER, JR.; SHURMON CHAFFEE; )
ZADIE DYKES, Individually and As     )
Representative of THE ESTATE OF     )
BILLY E. DYKES; CHARLIE HARRIS, JR.;     )
WALTER L. MCCOY; PENELOPE MCCOY,     )
Individually and As Representative of     )
THE ESTATE OF WILLIE J. MCCOY;     )
ANNIE PEARL NEVELS, Individually and     )
As Representative of THE ESTATE OF     )
LOUIS NEVELS; SELMOND NORALS;     )
RANDOLPH PERRYMAN; JEAN Y.     )
PEYREGNE; JOHN ALEXANDER PRINE;     )
LARRY NOBLE SEWELL, SR.; LUTHER     )
THREET; *and* BERDELL WILLIS     )
     )
         *Plaintiffs*,     )
     )    Civil Action No. _**4:16-CV-071-GHD-JMV**_
vs.     )
     )
JOHN M. O'QUINN & ASSOCIATES, PLLC     )
D/B/A THE O'QUINN LAW FIRM;     )
JOHN M. O'QUINN & ASSOCIATES L.L.P.;     )
JOHN M. O'QUINN, P.C.; JOHN M. O'QUINN     )
LAW FIRM, PLLC; T. GERALD TREECE;     )
INDEPENDENT EXECUTOR OF THE ESTATE     )
OF JOHN M. O'QUINN, DECEASED;     )
RICHARD N. LAMINACK; JOE GIBSON;     )
DANZIGER & DE LLANO, LLP; *and*     )
ABEL MANJI,     )
     )
         *Defendants*.     )

## NOTICE OF REMOVAL

Defendants John M. O'Quinn & Associates, PLLC d/b/a The O'Quinn Law Firm, John

M. O'Quinn & Associates, L.L.P., John M. O'Quinn, P.C., and John M. O'Quinn Law Firm

PLLC (collectively the "O'Quinn Firm" or the "O'Quinn Defendants") file, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this Notice of Removal of the above-described action to the United States District Court for the Northern District of Mississippi from the Circuit Court of the First Judicial District of Washington County, Mississippi, where the action is now pending, and state:

1.      On or about March 14, 2016, the above-listed twenty-three Plaintiffs commenced this action by filing a Complaint styled *Randy L. Adams, et al. v. John M. O'Quinn & Associates, PLLC d/b/a The O'Quinn Law Firm, et al.*, Cause No. 2016-0032CI, in the Circuit Court of the First Judicial District of Washington County, Mississippi. *See* Ex. A, Compl.

2.      28 U.S.C. § 1446(b) mandates that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise [of the complaint and summons]." Because the O'Quinn Defendants have not been served, the 30-day period has not yet begun to run and therefore, this action is timely removed.

3.      The action is a civil action for alleged tortious conduct and breach of contract and the United States District Court for the Northern District of Mississippi has jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

4.      Upon information and belief, each plaintiff is seeking actual, exemplary, and mental anguish damages, as well as attorneys' fees, resulting in a matter in dispute exceeding $75,000, exclusive of interest and costs.

5.      All Plaintiffs are alleged to be residents of the State of Mississippi or the State of Alabama. Ex. A, Compl., p. 2, ¶ 1. Upon information and belief, Plaintiffs have established their domiciles in either Mississippi or Alabama and are therefore citizens of either Mississippi or Alabama. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (noting that for determining diversity jurisdiction, the state where someone establishes his

domicile serves a dual function as his state of citizenship). None of the Plaintiffs are citizens of Texas.

6.      Furthermore, none of the Defendants are alleged to be residents or citizens of Mississippi or Alabama. Ex. A, Compl., pp. 2-4, ¶¶ 2-10. All Defendants are citizens and residents of Texas. *Id.*

7.      Individual, non-corporate Defendants Richard N. Laminack, Joseph Gibson, and Abel Manji are domiciled in Texas and therefore, are citizens of Texas. *Id.* at pp. 3-4, ¶¶ 7, 8, 10.

8.      Defendant John M. O'Quinn and Associates, PLLC d/b/a The O'Quinn Law Firm is a Professional Limited Liability Company formed and doing business in the State of Texas whose single member, John M. O'Quinn was a citizen of Texas. Therefore, The O'Quinn Law Firm is a citizen of Texas.[1] *See Harvey v. Grey Wolf Drilling, Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008) (noting that the citizenship of a limited liability company is determined by the citizenship of all of its members); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that for purposes of the diversity statute, the citizenship of a PLLC (or any other entity except a corporation) is determined by the citizenship of its owners and members).

9.      Defendant T. Gerald Treece, Independent Executor of the Estate of John M. O'Quinn, Deceased is a citizen of Texas as John M. O'Quinn, the deceased, was also a citizen of Texas. 28 U.S.C.A. § 1332(c)(2) (West) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."); Ex. A, Compl., p. 3, ¶ 6.

---

[1] Moreover, The O'Quinn Law Firm also notes that John M. O'Quinn & Associates, LLP, John M. O'Quinn, PC, and John M. O'Quinn Law Firm, PLLC no longer exist and are improperly joined. However, John M. O'Quinn & Associates, LLP, John M. O'Quinn, P.C., and John M. O'Quinn Law Firm, PLLC all had John M. O'Quinn, a citizen of Texas as their sole owner and/or member. Therefore, John M. O'Quinn & Associates, LLP, John M. O'Quinn, P.C., and John M. O'Quinn Law Firm, PLLC are also citizens of Texas.

10.     Defendant Danziger & De Llano, LLP is a citizen of Texas as each of its partners, Paul Danziger and Rod R. De Llano are citizens of Texas. *C.T. Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners.); *see also Sourcing Mgmt., Inc. v. Simclar, Inc.*, No. 3:14-CV-2552-L, 2015 WL 2212344, at *2 (N.D. Tex. May 12, 2015).

11.     There is complete diversity as no Defendant is a citizen of the States of Mississippi or Alabama, which are the states of Plaintiffs' citizenship.

12.     The vast majority of Plaintiffs' allegations relate to the conduct of the O'Quinn Defendants or parties who, at some point, worked as attorneys for the O'Quinn Defendants. *See, e.g.*, Ex. A, Compl., ¶ 14.

13.     Because the O'Quinn Defendants have not been served, they do not have any "process, pleadings, [or] orders" to attach as an exhibit to this Notice of Removal pursuant to 28 U.S.C. § 1446(a).

14.     Upon information and belief, all Defendants consent to the subject Notice of Removal and the removal of this action from the Circuit Court of the First Judicial District of Washington County, Mississippi to the United States District Court for the Northern District of Mississippi.  Each Defendant will file a separate joinder and/or consent to removal pursuant to the terms of 28 U.S.C. 1446.

15.     The O'Quinn Defendants are providing written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. § 1446(d).

16.     A copy of this Notice of Removal is being filed with the clerk of the Circuit Court of the First Judicial District of Washington County, Mississippi as required by 28 U.S.C. § 1446(d).

17.     In accordance with Rule 5(b) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, a complete copy of the state court record will be filed no later than fourteen (14) days from the date of removal.

18.     Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion or relinquishment of any Defendant's ability(ies) or right(s) to assert any claim, counterclaim, cross-claim, third party claim, defense or affirmative matter, including, but not limited to: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party(ies); (8) waiver; (9) arbitration and award; (10) contractual, statutory, common law or other right to defense, indemnity, contribution or apportionment; or (11) any other pertinent claim or defense available under Rule 12 of the Mississippi or Federal Rules of Civil Procedure, any state or federal statute, common law or otherwise.

19.     The O'Quinn Defendants reserve the right to supplement and/or amend this Notice of Removal pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, the O'Quinn Defendants request that this action proceed in this Court as an action properly removed to it.  Plaintiffs are hereby notified to proceed no further in state court.

Dated: 13th day of April, 2016

Respectfully Submitted,

John M. O'Quinn & Associates, PLLC d/b/a The O'Quinn Law Firm, John M. O'Quinn & Associates, L.L.P., John M. O'Quinn, P.C., and John M. O'Quinn Law Firm PLLC

BY: CARROLL WARREN & PARKER PLLC

Jim Warren

OF COUNSEL:

Jim Warren (MSB #6966)
Lee Ann Thigpen (MSB #100229)
James "Trey" Gunn III (MSB #103907)
CARROLL WARREN & PARKER PLLC
One Jackson Place, Suite 1200
188 East Capitol Street (39201)
Post Office Box 1005
Jackson, Mississippi 39215-1005
Tel:    601.592.1010
Fax:    601.592.6060
Email: jwarren@cwplaw.com
Email: lthigpen@cwplaw.com
Email: tgunn@cwplaw.com
*Attorneys for the O'Quinn Defendants*

MCFALL, BREITBEIL & EIDMAN, P.C.
Kenneth R. Breitbeil*
Texas State Bar No. 02947690
Norma N. Bennett*
Texas State Bar No. 24028492
*Attorneys for the O'Quinn Defendants*
* Subject to Pro Hac Admission

## CERTIFICATE OF SERVICE

I, Jim Warren, do hereby certify on this day, I served the above pleading via U.S. Mail to the following recipient:

> Nancy Powers Johnson
> (MS Bar #103893)
> ATTORNEY AT LAW
> 420 Crocket Avenue
> Greenwood, Mississippi 38930
> *Attorney for Plaintiffs*

This the 13th day of April, 2016.

Jim Warren