# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RANDY L. ADAMS, *et al.*,     )
                     )
     *Plaintiffs*,    )
                     )    Civil Action No. 4:16-cv-071-GHD-JMV
vs.                )
                     )
JOHN M. O'QUINN & ASSOCIATES, PLLC   )
D/B/A THE O'QUINN LAW FIRM, *et al.*,   )
                     )
     *Defendants*.   )

## AFFIDAVIT OF CHRISTIAN A. STEED

STATE OF TEXAS      §
                       §
COUNTY OF HARRIS    §

Before me, the undersigned authority, on this day personally appeared Christian A. Steed, who, after first being duly sworn by me, upon oath stated:

1.    My name is Christian A. Steed. I am over the age of 21 years, and am fully competent to make this affidavit. I am a Texas-licensed attorney, and have been employed by John M. O'Quinn & Associates, P.L.L.C. d/b/a The O'Quinn Law Firm (referenced herein as the "O'Quinn Law Firm") as the Managing Attorney since 1995. The facts stated herein are within my personal knowledge and are true and correct.

2.    I am a custodian of the litigation records of the O'Quinn Law Firm pertaining to the silicosis docket. The following records are power of attorneys and/or contingent fee contracts ("POAs") with the Plaintiffs relating to their silicosis litigation and the O'Quinn Law Firm. The list of the POAs are as follows:

1. Randy L. Adams
2. David J. Amons
3. Freddie Bolton, Jr.
4. Wiley Brooks
5. Clarence Edward Bryant, Sr.
6. Jessie L. Carter, Jr.
7. Shurmon Chaffee
8. Selmond Norals
9. Randolph Perryman
10. Jean Y. Peyregne
11. Willie J. McCoy
12. John Alexander Prine
13. Larry Noble Sewell, Sr.
14. Luther Threet

15. Billy E. Dykes
16. Charlie Harris, Jr.
17. Walter L. McCoy

18. Louis Nevels
19. Berdell Willis

3.     The Plaintiffs' social security numbers and birth dates on the POAs have been redacted for privacy concerns and in compliance with FED. R. CIV. P. 5.2.

4.     These records are kept by the O'Quinn Law Firm in the regular course of business, and it was the regular course of business of the O'Quinn Law Firm for an employee or representative of the O'Quinn Law Firm, with knowledge of the act, event, condition, opinion, or diagnosis that was recorded, to maintain these records or to transmit the information to be included in these records.  These records were made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded.  The records contained herein are true and correct copies of the originals.


_Chris A_____
Christian A. Steed


SUBSCRIBED AND SWORN TO BEFORE ME this 23 day of June, 2016

_____
Notary Public in and for the State of Texas

PATRICIA HARPST
My Commission Expires
November 11, 2018
NOTARY PUBLIC
STATE OF TEXAS

2

2 0072 · 305B

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

**POWER OF ATTORNEY
AND CONTINGENT FEE CONTRACT**

This agreement is made between Client, *Randy L. Adams*

---

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01  The Client hereby retains and employs Attorneys to sue for and

recover all damages and compensation to which the Client may be entitled as well

as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES**

**RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM**

**SILICOSIS DUST EXPOSURE.**

1.02   It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

representing Client in the specific matters described herein, and Client's do not expect

Attorneys to do anything else.

Power of Attorney and
Contingent Fee Contract - Page 1

RECEIVED BY

SEP 2 7 2002

O'QUINN, LAMINACK & PIRTLE

*P.L.A.*
Initials

ADAMS_RANDY_L_00025

## II. ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

33-1/3%    of any settlement or recovery made before suit is filed thereon;

40%        of any settlement or recovery made after suit is filed;

45%        of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed.

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

*RLA*

Initials

ADAMS_RANDY_L_00026

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

*RLA*
Initials

ADAMS_RANDY_L_00027

## VI.  DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.   The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII.  COOPERATION OF CLIENT

7.01   Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02   Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4

*RCA*
Initials

ADAMS_RANDY_L_00028

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

## VIII. ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

## IX. TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X. ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5

*RLA*
Initials

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6

*RLA*
Initials

ADAMS_RANDY_L_00030

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII. PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII. LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV. PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

*RLA*
Initials

ADAMS_RANDY_L_00031

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _21_ day of _Sept_, 20 _02_

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

---

_Randy S. Adam_
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

Printed Name of Attorney: _____

RECEIVED BY
SEP 2 7 2002
O'QUINN, LAMINACK & PIRTLE

STATE OF TEXAS, COUNTY OF HARRIS

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

_RLA_
Initials

ADAMS_RANDY_L_00032

20072·3088

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

**POWER OF ATTORNEY
AND CONTINGENT FEE CONTRACT**

This agreement is made between Client, _DAViD J Amons_

---

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01  The Client hereby retains and employs Attorneys to sue for and recover all damages and compensation to which the Client may be entitled as well as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02   It is specifically agreed and understood that Attorneys representation is limited to specific persons and/or companies named as Clients, and that Attorneys are not representing or expected to represent any other person or entity not named herein as a Client.  It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

Power of Attorney and
Contingent Fee Contract - Page 1

RECEIVED BY

SEP 2 7 2002

O'QUINN, LAMINACK & PIRTLE



Initials

## II. ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| | |
|---|---|
| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

DJA
Initials

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

DJA
Initials

## VI. DEDUCTION OF EXPENSES

6.    Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.   The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4

DJA
Initials

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

## VIII. ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

## IX. TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X. ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5


Initials

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11. Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

DJA
Initials

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII. PARTIES BOUND

12.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII. LEGAL CONSTRUCTION

13.    In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV. PRIOR AGREEMENTS SUPERSEDED

14.    This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

DJA
Initials

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this 27 day of _Sept_____, 20 02

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

---

_David A Simms_
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

Printed Name of Attorney: _____

RECEIVED BY
SEP 2 7 2002
O'QUINN, LAMINACK & PIRTLE

**STATE OF TEXAS, COUNTY OF HARRIS**

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

DJA
Initials

20078·3059

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

### POWER OF ATTORNEY
### AND CONTINGENT FEE CONTRACT

This agreement is made between Client, _Freddie Bolton_

---

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01 The Client hereby retains and employs Attorneys to sue for and

recover all damages and compensation to which the Client may be entitled as well

as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES**

**RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM**

**SILICOSIS DUST EXPOSURE.**

1.02   It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

representing Client in the specific matters described herein, and Client's do not expect

Attorneys to do anything else.

RECEIVED BY

SEP 2 7 2002

Power of Attorney and
Contingent Fee Contract - Page 1

O'QUINN, LAMINACK & PIRTLE

FB
Initials

BOLTON_FREDDIE_00014

## II. ATTORNEYS' FEES

2.     In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

33-1/3%     of any settlement or recovery made before suit is filed thereon;

40%     of any settlement or recovery made after suit is filed;

45%     of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed.

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2



Initials

## VI. DEDUCTION OF EXPENSES

6.    Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys. Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery. The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above). If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4



Initials

BOLTON_FREDDIE_00016

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.    Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.    This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.    Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5


Initials

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6


Initials

BOLTON_FREDDIE_00018

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII.  PARTIES BOUND

12.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII.  LEGAL CONSTRUCTION

13.    In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV.  PRIOR AGREEMENTS SUPERSEDED

14.    This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7


Initials

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this ____ day of _____, 20__.

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

_____
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

_____
Printed Name of Attorney:

RECEIVED BY

SEP 2 7 2002

O'QUINN, LAMINACK & PIRTLE

STATE OF **TEXAS**, COUNTY OF HARRIS

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

*FB*
Initials

*20072-4137*

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

### POWER OF ATTORNEY
### AND CONTINGENT FEE CONTRACT

This agreement is made between Client,_____

_____ Wiley Brooks _____

_referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01 The Client hereby retains and employs Attorneys to sue for and

recover all damages and compensation to which the Client may be entitled as well

as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES**

**RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM**

**SILICOSIS DUST EXPOSURE.**

1.02   It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

representing Client in the specific matters described herein, and Client's do not expect

Attorneys to do anything else.

Power of Attorney and
Contingent Fee Contract - Page 1


Initials

BROOKS_WILEY_00015

## II. ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

40%          of any settlement or recovery

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

3.03 All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

Power of Attorney and
Contingent Fee Contract - Page 2


Initials

BROOKS_WILEY_00016

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

Initials

## VI.  DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.  The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII.  COOPERATION OF CLIENT

7.01     Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02     Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4


Initials

BROOKS_WILEY_00018

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

## VIII. ASSOCIATION OF OTHER ATTORNEYS

8. Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

## IX. TEXAS LAW TO APPLY

9. This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X. ARBITRATION

10. Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5


Initials

BROOKS_WILEY_00019

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6


Initials

BROOKS_WILEY_00020

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 20__.

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

X _____    John M. O'Quinn & Associates, L.L.P.
Client

By: _____

_____
Printed Name of Attorney:

**STATE OF TEXAS, COUNTY OF HARRIS**

SUBSCRIBED   AND   SWORN   TO   BEFORE   ME,   by   the   said
_____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

Initials

20072·3063

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

**POWER OF ATTORNEY
AND CONTINGENT FEE CONTRACT**

This agreement is made between Client, *Clarence Bryant, Sr.*

---

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.
O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01 The Client hereby retains and employs Attorneys to sue for and

recover all damages and compensation to which the Client may be entitled as well

as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES**

**RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM**

**SILICOSIS DUST EXPOSURE.**

1.02   It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

representing Client in the specific matters described herein, and Client's do not expect

Attorneys to do anything else.

Power of Attorney and
Contingent Fee Contract - Page 1

RECEIVED BY

SEP 2 7 2002

O'QUINN, LAMINACK & PIRTLE

*C.B.*
Initials

## II.  ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| | |
|---|---|
| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III.  ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02  If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2

*C. B.*
Initials

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

*Initials*

## VI. DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys. Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery. The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above). If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4


Initials

BRYANT_CLARENCE_EDWARD_000
14

be involved in this case.    Such withdrawal will be effective by mailing written notice to Client's last known address.

### VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.    Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

### IX.  TEXAS LAW TO APPLY

9.    This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

### X.  ARBITRATION

10.    Any and all disputes, controversies, claims or demands arising out of or relating to  (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5

*CB.*
Initials

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6


Initials

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

### XII.  PARTIES BOUND

12.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

### XIII.  LEGAL CONSTRUCTION

13.    In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

### XIV.  PRIOR AGREEMENTS SUPERSEDED

14.    This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7



Initials

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this __27__ day of __Sept_____, 20__02__.

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

---

*Clarence Bryant, Sr.*
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

Printed Name of Attorney: _____

RECEIVED BY
SEP 2 7 2002
O'QUINN, LAMINACK & PIRTLE

**STATE OF TEXAS, COUNTY OF HARRIS**

SUBSCRIBED     AND     SWORN     TO     BEFORE     ME,     by     the     said
_____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____        _____
                              Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

*CB*
Initials

2002-3786

THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE

## POWER OF ATTORNEY
## AND CONTINGENT FEE CONTRACT

This agreement is made between Client,

_Jessie C. Carter, Jr._ referred

collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN & ASSOCIATES, L.L.P. and STACIE F. TAYLOR, LLC, hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01  The Client hereby retains and employs Attorneys to sue for and recover all damages and compensation to which the Client may be entitled as well as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02  It is specifically agreed and understood that Attorneys representation is limited to specific persons and/or companies named as Clients, and that Attorneys are not representing or expected to represent any other person or entity not named herein as a Client. It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

### II. ATTORNEYS' FEES

2.  In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney a 40% present undivided interest in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement.

RECEIVED BY

SEP 19 2002

O'QUINN, LAMINACK & PIRTLE

Power of Attorney and
Contingent Fee Contract - Page 1

Initials JC

### III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

3.03 All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

### IV. APPROVAL NECESSARY FOR SETTLEMENT

4.01 No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02 Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person. Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

### V. REPRESENTATIONS

5. It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired. Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may

Power of Attorney and
Contingent Fee Contract - Page 2

Initials

CARTER_JESSIE_L_00007

withdraw from further representation of Client by sending written notice to Client's last known address.

## VI.  DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other _Silicosis Dust Exposure_ cases being handled by Attorneys.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.  The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).   If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII.  COOPERATION OF CLIENT

7.01     Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02     Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case.

Such withdrawal will be effective by mailing written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

J.C.
Initials

CARTER_JESSIE_L_00008

### VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys and that Stacie F. Taylor, LLC is a limited liability company.  Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself nor Stacie F. Taylor herself is personally undertaking the representation of Client by virtue of this contract.

### IX.  TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

### X.  ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to  (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X.  Any such arbitration proceeding shall be conducted in Harris County, Texas.  This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act.  Any party to any award rendered in such arbitration proceeding may

Power of Attorney and
Contingent Fee Contract - Page 4

Initials

CARTER_JESSIE_L_00009

seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII.  PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

JC
Initials

CARTER_JESSIE_L_00010

### XIII.  LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

### XIV.  PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 6

Initials

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 20__.

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

Jessie Carter qr
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

_____
Printed Name of Attorney

Stacie F. Taylor, LLC

By: _____

_____
Printed Name of Attorney

STATE OF MISSISSIPPI, COUNTY OF_____

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Mississippi

My commission expires: **RECEIVED BY**

_____     SEP 1 9 2002

O'QUINN, LAMINACK & PIRTLE

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 7

JC
Initials

20072-3071

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION**
**UNDER THE FEDERAL ARBITRATION ACT AND**
**THE TEXAS GENERAL ARBITRATION STATUTE**

---

### POWER OF ATTORNEY
### AND CONTINGENT FEE CONTRACT

This agreement is made between Client, _____

_____ Shurmon Chaffee _____

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01 The Client hereby retains and employs Attorneys to sue for and recover all damages and compensation to which the Client may be entitled as well as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02   It is specifically agreed and understood that Attorneys representation is limited to specific persons and/or companies named as Clients, and that Attorneys are not representing or expected to represent any other person or entity not named herein as a Client.  It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

Power of Attorney and
Contingent Fee Contract - Page 1

RECEIVED BY

SEP 2 7 2002

O'QUINN, LAMINACK & PIRTLE

S. C.
Initials

CHAFFEE_SHURMON_00046

## II. ATTORNEYS' FEES

2.    In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| | |
|---|---|
| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2

*S. C*
Initials

CHAFFEE_SHURMON_00047

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

$S. C$
Initials

CHAFFEE_SHURMON_00048

## VI. DEDUCTION OF EXPENSES

6.    Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys. Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery. The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above). If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4

*S. C*
Initials

CHAFFEE_SHURMON_00049

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

## VIII. ASSOCIATION OF OTHER ATTORNEYS

8.     Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

## IX. TEXAS LAW TO APPLY

9.     This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X. ARBITRATION

10.     Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5

$S_i C$

Initials

CHAFFEE_SHURMON_00050

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6

S, C
Initials

CHAFFEE_SHURMON_00051

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII. PARTIES BOUND

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII. LEGAL CONSTRUCTION

13. In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV. PRIOR AGREEMENTS SUPERSEDED

14. This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

Initials

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this 30ᵗʰ day of _Sept_____, 20 02.

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION**
**UNDER THE FEDERAL ARBITRATION ACT AND**
**THE TEXAS GENERAL ARBITRATION STATUTE**

---

Shurmon Chaffee

John M. O'Quinn & Associates, L.L.P.

By: _____

_____
Printed Name of Attorney:

RECEIVED BY

SEP 2 7 2002

O'QUINN, LAMINACK & PIRTLE

STATE OF TEXAS, COUNTY OF HARRIS

SUBSCRIBED    AND    SWORN    TO    BEFORE    ME,    by    the    said
_____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

SC
Initials

20072-3084

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

## POWER OF ATTORNEY
## AND CONTINGENT FEE CONTRACT

This agreement is made between Client, Zadie S. Dykes, as Representative of the Estate of Billy Dykes        referred collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01   The Client hereby retains and employs Attorneys to sue for and recover all damages and compensation to which the Client may be entitled as well as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02    It is specifically agreed and understood that Attorneys representation is limited to specific persons and/or companies named as Clients, and that Attorneys are not representing or expected to represent any other person or entity not named herein as a Client.  It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

RECEIVED BY
JUN 2 7 2003
O'QUINN, LAMINACK & PIRTLE ZD
Initials

Power of Attorney and
Contingent Fee Contract - Page 1

DYKES_BILLY_E_00013

## II. ATTORNEYS' FEES

2. In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| | |
|---|---|
| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2

*ZD*

Initials

DYKES_BILLY_E_00014

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

$Z \wp$

Initials

DYKES_BILLY_E_00015

## VI.  DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.   The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII.  COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4

Initials

DYKES_BILLY_E_00016

be involved in this case.   Such withdrawal will be effective by mailing written notice to Client's last known address.

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to  (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5

Z &
Initials

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.      Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6

z B
Initials

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII. PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII. LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV. PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

Initials

DYKES_BILLY_E_00019

I certify and acknowledge that I have had the opportunity to read this Agreement.  I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _18_ day of _June_____, 20_03_

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

_Zadie Dykes_____
Client Signature

John M. O'Quinn & Associates, L.L.P.

By: _____

Printed Name of Attorney: _____

RECEIVED BY

JUN 2 7 2003

O'QUINN, LAMINACK & PIRTLE

**STATE OF TEXAS, COUNTY OF HARRIS**

SUBSCRIBED    AND    SWORN    TO    BEFORE    ME,    by    the    said
_____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____                    _____
                                     Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

____
Initials

DYKES_BILLY_E_00020

20612-3647

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

### POWER OF ATTORNEY
### AND CONTINGENT FEE CONTRACT

This        agreement      is      made      between      Client,

_Charlie Harris, JR._        referred

collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN &

ASSOCIATES, L.L.P. and STACIE F. TAYLOR, LLC, hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as

follows:

### I. PURPOSE OF REPRESENTATION

1.01    The Client hereby retains and employs Attorneys to sue for and recover all

damages and compensation to which the Client may be entitled as well as to compromise and settle

all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY**

**OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02    It is specifically agreed and understood that Attorneys representation is limited

to specific persons and/or companies named as Clients, and that Attorneys are not representing or

expected to represent any other person or entity not named herein as a Client.  It is expressly

agreed and understood that Attorneys' obligations are limited to representing Client in the specific

matters described herein, and Client's do not expect Attorneys to do anything else.

### II. ATTORNEYS' FEES

2.    In consideration of the services rendered and to be rendered to Client by

Attorney, Client does hereby assign, grant and convey to Attorney a 40% present undivided interest

in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services

and said contingent attorneys' fee will be figured on the total net recovery or settlement.

RECEIVED BY

SEP 19 2002

O'QUINN, LAMINACK & PIRTLE

Power of Attorney and
Contingent Fee Contract - Page 1

_CH_
Initials

HARRIS_CHARLIE_00015

### III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

3.03 All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

### IV. APPROVAL NECESSARY FOR SETTLEMENT

4.01 No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02 Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person. Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

### V. REPRESENTATIONS

5. It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired. Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may

Power of Attorney and
Contingent Fee Contract - Page 2

CH
Initials

HARRIS_CHARLIE_00016

withdraw from further representation of Client by sending written notice to Client's last known address.

## VI. DEDUCTION OF EXPENSES

6.      Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other  Silicosis Dust Exposure  cases being handled by Attorneys.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.  The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01     Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02     Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case.  Such withdrawal will be effective by mailing written notice to Client's last known address.

*C. H*
Initials

HARRIS_CHARLIE_00017

## VIII. ASSOCIATION OF OTHER ATTORNEYS

8.    Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys and that Stacie F. Taylor, LLC is a limited liability company. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself nor Stacie F. Taylor herself is personally undertaking the representation of Client by virtue of this contract.

## IX. TEXAS LAW TO APPLY

9.    This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X. ARBITRATION

10.    Any and all disputes, controversies, claims or demands arising out of or relating to  (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may

Power of Attorney and
Contingent Fee Contract - Page 4

*C i H*
Initials

HARRIS_CHARLIE_00018

seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII.  PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

Power of Attorney and
Contingent Fee Contract - Page 5

*C-H*
Initials

HARRIS_CHARLIE_00019

### XIII.  LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

### XIV.  PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 6

*C. H*
Initials

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 20__.

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

_Charlie Harris_
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

_____
Printed Name of Attorney

Stacie F. Taylor, LLC

By: _____

_____
Printed Name of Attorney

**STATE OF MISSISSIPPI, COUNTY OF_____**

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Mississippi

My commission expires:

_____

_____
Printed/typed name of Notary

RECEIVED BY
SEP 19 2002
O'QUINN, LAMINACK & PIRTLE

Power of Attorney and
Contingent Fee Contract - Page 7

C.H
Initials

20072·3127

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

**POWER OF ATTORNEY
AND CONTINGENT FEE CONTRACT**

This agreement is made between Client, *Walter McCoy*

---

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01 The Client hereby retains and employs Attorneys to sue for and recover all damages and compensation to which the Client may be entitled as well as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02 It is specifically agreed and understood that Attorneys representation is limited to specific persons and/or companies named as Clients, and that Attorneys are not representing or expected to represent any other person or entity not named herein as a Client. It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

RECEIVED BY

SEP 2 7 2002

O'QUINN, LAMINACK & PIRTLE

Power of Attorney and
Contingent Fee Contract - Page 1

*WM*
Initials

MCCOY_WALTER_L_00005

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

*wm*
Initials

MCCOY_WALTER_L_00006

## VI. DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys. Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery. The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above). If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01     Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02     Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4

*WM*
Initials

MCCOY_WALTER_L_00007

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5

*wm*
Initials

MCCOY_WALTER_L_00008

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6

*WM*
Initials

MCCOY_WALTER_L_00009

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII. PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII. LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV. PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7


Initials

MCCOY_WALTER_L_00010

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this 27th day of September , 2002

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

---

*Walter McCoy*
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

Printed Name of Attorney: _____

RECEIVED BY

SEP 2 7 2002

O'QUINN, LAMINACK & PIRTLE

STATE OF TEXAS, COUNTY OF HARRIS

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

*WM*
Initials

MCCOY_WALTER_L_00011

20072-2126

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

**POWER OF ATTORNEY
AND CONTINGENT FEE CONTRACT**

This agreement is made between Client, _Will J. McCoy_

---

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

## I. PURPOSE OF REPRESENTATION

1.01  The Client hereby retains and employs Attorneys to sue for and recover all damages and compensation to which the Client may be entitled as well as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02  It is specifically agreed and understood that Attorneys representation is limited to specific persons and/or companies named as Clients, and that Attorneys are not representing or expected to represent any other person or entity not named herein as a Client.  It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

Power of Attorney and
Contingent Fee Contract - Page 1

RECEIVED
SEP 2 7 2002
O'QUINN, L...

_W. Mc_
Initials

MCCOY_WILLIE_J_00011

## II. ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| | |
|---|---|
| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2

*W. M.*
Initials

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

_JN. Ml_
Initials

## VI. DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other <u>Silicosis Dust Exposure</u> cases being handled by Attorneys.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.  The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4

<u>W. M</u>
Initials

MCCOY_WILLIE_J_00014

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

### VIII. ASSOCIATION OF OTHER ATTORNEYS

8. Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

### IX. TEXAS LAW TO APPLY

9. This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

### X. ARBITRATION

10. Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5

_NK MV_
Initials

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11. Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6

*W. M.*
Initials

MCCOY_WILLIE_J_00016

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII. PARTIES BOUND

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII. LEGAL CONSTRUCTION

13. In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV. PRIOR AGREEMENTS SUPERSEDED

14. This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

_____
Initials

MCCOY_WILLIE_J_00017

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this 27 day of _____Sept_____, 20 02.

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

---

_Willie J. McCoy_
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

Printed Name of Attorney: _____

RECEIVED
SEP 2 7 2002
O'QUINN, LA......

STATE OF TEXAS, COUNTY OF HARRIS

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

_Initials_

2002-4329

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

### POWER OF ATTORNEY
### AND CONTINGENT FEE CONTRACT

This agreement is made between Client, <u>Louis Nevels</u>

---

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01 The Client hereby retains and employs Attorneys to sue for and recover all damages and compensation to which the Client may be entitled as well as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02 It is specifically agreed and understood that Attorneys representation is limited to specific persons and/or companies named as Clients, and that Attorneys are not representing or expected to represent any other person or entity not named herein as a Client. It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

RECEIVED BY

MAY 1 2003

Power of Attorney and
Contingent Fee Contract - Page 1



Initials

NEVELS_LOUIS_00004

## II. ATTORNEYS' FEES

2. In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| | |
|---|---|
| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2

*K.L.*
Initials

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

Initials

NEVELS_LOUIS_00006

## VI. DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.   The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4

*K.N.*
Initials

NEVELS_LOUIS_00007

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

### VIII. ASSOCIATION OF OTHER ATTORNEYS

8. Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

### IX. TEXAS LAW TO APPLY

9. This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

### X. ARBITRATION

10. Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5

Initials

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII. PARTIES BOUND

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII. LEGAL CONSTRUCTION

13. In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV. PRIOR AGREEMENTS SUPERSEDED

14. This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

Initials

NEVELS_LOUIS_00010

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this ___/8___ day of __April_____, 20_/3_

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

_____
**Client Signature**

John M. O'Quinn & Associates, L.L.P.

By: _____

_____
Printed Name of Attorney:

**STATE OF TEXAS, COUNTY OF HARRIS**

SUBSCRIBED    AND    SWORN    TO    BEFORE    ME,    by    the    said
_____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

_KL_
Initials

2002-3649

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

**POWER OF ATTORNEY
AND CONTINGENT FEE CONTRACT**

This        agreement        is        made        between        Client,

_____ Selmond Norals _____ referred

collectively to as "Client" and the Limited Liability Partnership of JOHN M. O'QUINN &

ASSOCIATES, L.L.P. and STACIE F. TAYLOR, LLC, hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto agree as

follows:

### I.  PURPOSE OF REPRESENTATION

1.01    The Client hereby retains and employs Attorneys to sue for and recover all

damages and compensation to which the Client may be entitled as well as to compromise and settle

all claims arising out of **ALL INJURIES AND DAMAGES RELATED TO SILICOSIS AND/OR ANY**

**OTHER TYPE OF INJURY DERIVED FROM SILICOSIS DUST EXPOSURE.**

1.02    It is specifically agreed and understood that Attorneys representation is limited

to specific persons and/or companies named as Clients, and that Attorneys are not representing or

expected to represent any other person or entity not named herein as a Client.  It is expressly

agreed and understood that Attorneys' obligations are limited to representing Client in the specific

matters described herein, and Client's do not expect Attorneys to do anything else.

### II.  ATTORNEYS' FEES

2.       In consideration of the services rendered and to be rendered to Client by

Attorney, Client does hereby assign, grant and convey to Attorney a 40% present undivided interest

in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services

and said contingent attorneys' fee will be figured on the total net recovery or settlement.

RECEIVED BY

SEP 1 9 2002

O'QUINN, LAMINACK & PIRTLE

Power of Attorney and
Contingent Fee Contract - Page 1

S. N
Initials

NORALS_SELMOND_00023

### III.  ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02  If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

3.03 All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

### IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01 No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

### V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may

Power of Attorney and
Contingent Fee Contract - Page 2

$S \cdot N$
_____
Initials

withdraw from further representation of Client by sending written notice to Client's last known address.

## VI. DEDUCTION OF EXPENSES

6.  Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other _Silicosis Dust Exposure_ cases being handled by Attorneys. Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery. The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above). If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

_S - N_
Initials

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.     Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys and that Stacie F. Taylor, LLC is a limited liability company.  Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself nor Stacie F. Taylor herself is personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.     This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.     Any and all disputes, controversies, claims or demands arising out of or relating to  (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X.  Any such arbitration proceeding shall be conducted in Harris County, Texas.  This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act.  Any party to any award rendered in such arbitration proceeding may

Power of Attorney and
Contingent Fee Contract - Page 4



Initials

NORALS_SELMOND_00026

seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII. PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

Power of Attorney and
Contingent Fee Contract - Page 5

*S+N*
Initials

### XIII. LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

### XIV. PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 6

$S \cdot \omega$
Initials

NORALS_SELMOND_00028

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 20___.

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

_Selmon Norals_
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

_____
Printed Name of Attorney

Stacie F. Taylor, LLC

By: _____

_____
Printed Name of Attorney

**STATE OF MISSISSIPPI, COUNTY OF_____**

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, _____ to witness my hand and official seal of office.

RECEIVED BY
SEP 1 9 2002
O'QUINN, LAMINACK & PIRTLE

My commission expires:

_____

_____
Notary Public in and for the State of Mississippi

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 7

_S.N_
Initials

NORALS_SELMOND_00029

2 00733577

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

## POWER OF ATTORNEY
## AND CONTINGENT FEE CONTRACT

This agreement is made between Client,

_Randolph Perryman_

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P. and STACIE F. TAYLOR, LLC, hereafter referred to as

"Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01   The Client hereby retains and employs Attorneys to sue for and recover

all damages and compensation to which the Client may be entitled as well as to

compromise and settle all claims arising out of **SILICOSIS AND/OR ANY OTHER TYPE**

**OF INJURY DERIVED FROM SILICOSIS EXPOSURE.**

1.02    It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

RECEIVED BY

SEP 0 1 2002

Power of Attorney and
Contingent Fee Contract - Page 1

O'QUINN, LAMINACK & PIRTLE  _R , P_

_____
Initials

PERRYMAN_RANDOLPH_00023

representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

## II. ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign, grant and convey to Attorneys the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02  If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorneys' fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2

P, P
_____
Initials

PERRYMAN_RANDOLPH_00024

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Client realizes that Attorneys will be investigating the law and facts applicable to his claim on a continuing basis and should Attorneys learn something which, in the opinion of the Attorneys, makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

*R . P*
Initials

## VI. DEDUCTION OF EXPENSES

6.      Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.  The attorneys fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case.   Such withdrawal will be effective by mailing written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 4

*RiP*
Initials

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys and Stacie F. Taylor, LLC is a limited liability company.  Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself and/or Stacie F. Taylor herself not personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to  (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief,  shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Client shall not file a class action against Attorneys or seek to assert any claim or demands

Power of Attorney and
Contingent Fee Contract - Page 5

*R.P*
Initials

PERRYMAN_RANDOLPH_00027

against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas, pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas, having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the recovery for the costs incurred for these extra services. Unlike the litigation expenses

Power of Attorney and
Contingent Fee Contract - Page 6

*R.P*
Initials

PERRYMAN_RANDOLPH_00028

referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII.  PARTIES BOUND

12.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII.  LEGAL CONSTRUCTION

13.    In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV.  PRIOR AGREEMENTS SUPERSEDED

14.    This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Initials

PERRYMAN_RANDOLPH_00029

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 2002.

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

_R ondalph Perryman_
Client

_____
for John M. O'Quinn & Associates, L.L.P.

_____
for Stacie F. Taylor, LLC

RECEIVED BY

SEP 0 1 2002

O'QUINN, LAMINACK & PIRTLE

STATE OF MISSISSIPPI, COUNTY OF _____

               SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, 2002 to witness my hand and official seal of office.

_____
Notary Public in and for the State of Mississippi

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

_R.P._
Initials

PERRYMAN_RANDOLPH_00030

20072-2573

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

## POWER OF ATTORNEY
## AND CONTINGENT FEE CONTRACT

This        agreement        is        made        between        Client,

_Jean Y. Peyregne_

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P. and STACIE F. TAYLOR, LLC, hereafter referred to as

"Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01   The Client hereby retains and employs Attorneys to sue for and recover

all damages and compensation to which the Client may be entitled as well as to

compromise and settle all claims arising out of **SILICOSIS AND/OR ANY OTHER TYPE
OF INJURY DERIVED FROM SILICOSIS EXPOSURE.**

1.02    It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

RECEIVED BY

SEP 0 1 2002

O'QUINN, LAMINACK &

Power of Attorney and
Contingent Fee Contract - Page 1

Initials

PEYREGNE_JEAN_Y_00022

representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

## II. ATTORNEYS' FEES

2.　　In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign, grant and convey to Attorneys the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

33-1/3%　　of any settlement or recovery made before suit is filed thereon;

40%　　of any settlement or recovery made after suit is filed;

45%　　of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed.

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02　If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorneys' fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2



Initials

PEYREGNE_JEAN_Y_00023

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Client realizes that Attorneys will be investigating the law and facts applicable to his claim on a continuing basis and should Attorneys learn something which, in the opinion of the Attorneys, makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3


Initials

PEYREGNE_JEAN_Y_00024

## VI.  DEDUCTION OF EXPENSES

6.    Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.  The attorneys fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII.  COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case.   Such withdrawal will be effective by mailing written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 4

/Initials

PEYREGNE_JEAN_Y_00025

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.       Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys and Stacie F. Taylor, LLC is a limited liability company.  Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself and/or Stacie F. Taylor herself not personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.       This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.       Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Client shall not file a class action against Attorneys or seek to assert any claim or demands

Power of Attorney and
Contingent Fee Contract - Page 5

Initials

against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas, pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas, having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the recovery for the costs incurred for these extra services. Unlike the litigation expenses

Power of Attorney and
Contingent Fee Contract - Page 6


Initials

PEYREGNE_JEAN_Y_00027

referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

### XII.  PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

### XIII.  LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

### XIV.  PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

Initials

PEYREGNE_JEAN_Y_00028

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 2002.

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

_____
Client

_____
for John M. O'Quinn & Associates, L.L.P.

_____
for Stacie F. Taylor, LLC

RECEIVED
SEP 0 1 2002
O'QUINN, LAW...

**STATE OF MISSISSIPPI, COUNTY OF** _____

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, 2002 to witness my hand and official seal of office.

_____
Notary Public in and for the State of Mississippi

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

Initials

*20072 2568*

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

### POWER OF ATTORNEY
### AND CONTINGENT FEE CONTRACT

This agreement is made between Client,

_John A. Prine_

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P. and STACIE F. TAYLOR, LLC, hereafter referred to as

"Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01  The Client hereby retains and employs Attorneys to sue for and recover

all damages and compensation to which the Client may be entitled as well as to

compromise and settle all claims arising out of **SILICOSIS AND/OR ANY OTHER TYPE**

**OF INJURY DERIVED FROM SILICOSIS EXPOSURE.**

1.02  It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

RECEIVED BY

SEP 0 1 2002

O'QUINN, LAMINACK & PIRTLE

_JAP_
Initials

Power of Attorney and
Contingent Fee Contract - Page 1

PRINE_JOHN_ALEXANDER_00029

representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

## II.  ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign, grant and convey to Attorneys the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

33-1/3%      of any settlement or recovery made before suit is filed thereon;

40%          of any settlement or recovery made after suit is filed;

45%          of any settlement or recovery made after a notice of appeal

has been given or an appeal bond has been filed.

## III.  ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02  If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorneys' fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2


Initials

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

### IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

### V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Client realizes that Attorneys will be investigating the law and facts applicable to his claim on a continuing basis and should Attorneys learn something which, in the opinion of the Attorneys, makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3


Initials

PRINE_JOHN_ALEXANDER_00031

## VI.  DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.  The attorneys fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII.  COOPERATION OF CLIENT

7.01     Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02     Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case.   Such withdrawal will be effective by mailing written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 4

*JAP*
Initials

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys and Stacie F. Taylor, LLC is a limited liability company.  Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself and/or Stacie F. Taylor herself not personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Client shall not file a class action against Attorneys or seek to assert any claim or demands

against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas, pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas, having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the recovery for the costs incurred for these extra services. Unlike the litigation expenses

Initials

PRINE_JOHN_ALEXANDER_00034

referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII.  PARTIES BOUND

12.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII.  LEGAL CONSTRUCTION

13.    In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV.  PRIOR AGREEMENTS SUPERSEDED

14.    This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

Initials

PRINE_JOHN_ALEXANDER_00035

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 2002.

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

_____
Client

_____
for John M. O'Quinn & Associates, L.L.P.

_____
for Stacie F. Taylor, LLC

RECEIVED BY
SEP 0 1 2002
O'QUINN, LAMINACK

STATE OF MISSISSIPPI, COUNTY OF _____

SUBSCRIBED AND SWORN TO BEFORE ME, by the said _____, on this the _____ day of _____, 2002 to witness my hand and official seal of office.

_____
Notary Public in and for the State of Mississippi

My commission expires:

_____

_____
Printed/typed name of Notary

Initials

PRINE_JOHN_ALEXANDER_00036

20072-2567

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

### POWER OF ATTORNEY
### AND CONTINGENT FEE CONTRACT

This        agreement        is        made        between        Client,

**Larry N. Sewell**

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P. and STACIE F. TAYLOR, LLC, hereafter referred to as

"Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I.  PURPOSE OF REPRESENTATION

1.01   The Client hereby retains and employs Attorneys to sue for and recover

all damages and compensation to which the Client may be entitled as well as to

compromise and settle all claims arising out of **SILICOSIS AND/OR ANY OTHER TYPE**

**OF INJURY DERIVED FROM SILICOSIS EXPOSURE.**

1.02   It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

Power of Attorney and
Contingent Fee Contract - Page 1

RECEIVED BY

SEP 0 1 2002

O'QUINN, LAMINACK & PIRTLE

*LNS*
———
Initials

SEWELL_LARRY_N_00032

representing Client in the specific matters described herein, and Client's do not expect Attorneys to do anything else.

## II. ATTORNEYS' FEES

2.     In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign, grant and convey to Attorneys the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorneys' services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| | |
|---|---|
| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02 If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorneys' fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2

*LNS*
Initials

SEWELL_LARRY_N_00033

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Client realizes that Attorneys will be investigating the law and facts applicable to his claim on a continuing basis and should Attorneys learn something which, in the opinion of the Attorneys, makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

_L N S_
Initials

SEWELL_LARRY_N_00034

## VI. DEDUCTION OF EXPENSES

6.     Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred.  Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.  The attorneys fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above).  If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.  Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case.   Such withdrawal will be effective by mailing written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 4

∠ NS
_____
Initials

SEWELL_LARRY_N_00035

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys and Stacie F. Taylor, LLC is a limited liability company.  Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself and/or Stacie F. Taylor herself not personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to  (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.  Client shall not file a class action against Attorneys or seek to assert any claim or demands

Power of Attorney and
Contingent Fee Contract - Page 5

_L NS_
Initials

SEWELL_LARRY_N_00036

against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas, pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas, having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.    Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the recovery for the costs incurred for these extra services. Unlike the litigation expenses

Power of Attorney and
Contingent Fee Contract - Page 6

∠ ℕ𝒮
Initials

SEWELL_LARRY_N_00037

referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII.  PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII.  LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV.  PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

LNS
_____
Initials

SEWELL_LARRY_N_00038

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 2002.

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

_____
Client

_____
for John M. O'Quinn & Associates, L.L.P.

_____
for Stacie F. Taylor, LLC

RECEIVED BY
SEP 0 1 2002
O'QUINN, LAMINACK & PIRTLE

STATE OF MISSISSIPPI, COUNTY OF _____

       SUBSCRIBED  AND  SWORN  TO  BEFORE  ME,  by  the  said
_____, on this the _____ day of _____, 2002 to witness my hand and official seal of office.

_____
Notary Public in and for the State of Mississippi

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

_LNS_
Initials

SEWELL_LARRY_N_00039

*20012·0914*

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

---

## POWER OF ATTORNEY
## AND CONTINGENT FEE CONTRACT

This agreement is made between Client, _____

_____ Luther        Threet _____

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I. PURPOSE OF REPRESENTATION

1.01 The Client hereby retains and employs Attorneys to sue for and

recover all damages and compensation to which the Client may be entitled as well as to

compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES RELATED**

**TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM SILICA DUST**

**EXPOSURE**.

1.02   It is specifically agreed and understood that Attorneys representation

is limited to specific persons and/or companies named as Clients, and that Attorneys are

not representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

representing Client in the specific matters described herein, and Client does not expect

Attorneys to do anything else.

RECEIVED BY

FEB 0 9 2002

O'QUINN, LAMINACK & PIRTLE        *L T.*

THREET_LUTHER_00037

## II.  ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total recovery or settlement:

45%         of any settlement or recovery.

## III.  ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02  If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV. APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V. REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.   Client realizes that Attorneys will be investigating the law and facts applicable to his claim on a continuing basis and should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

L T
Initials

THREET_LUTHER_00039

## VI. DEDUCTION OF EXPENSES

6.      Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred. Client agrees and acknowledges that litigation expenses include a reasonable share of expenses common to and shared by other Clients with similar cases being handled by attorneys. Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery. The attorney fees will be figured on the total recovery or settlement before deducting the Court costs and litigation expenses reimbursed to Attorneys. If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 4

_L_
Initials

THREET_LUTHER_00040

## VIII.  ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.  Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

## IX.  TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## X.  ARBITRATION

10.      Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding

Power of Attorney and
Contingent Fee Contract - Page 5

_L.T._
Initials

THREET_LUTHER_00041

arbitration pursuant to the provisions of this Paragraph X.   Any such arbitration proceeding shall be conducted in Harris County, Texas.  This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act.  Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI.  BANKRUPTCY PROVISIONS

11.  Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code.  Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure.  Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the recovery for the costs incurred for these extra services.  Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by

Power of Attorney and
Contingent Fee Contract - Page 6

L. T.
Initials

THREET_LUTHER_00042

Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

## XII.  PARTIES BOUND

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## XIII.  LEGAL CONSTRUCTION

13.     In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## XIV.  PRIOR AGREEMENTS SUPERSEDED

14.     This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Initials

THREET_LUTHER_00043

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 20___.

---

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE TEXAS GENERAL ARBITRATION STATUTE**

---

_Luther Threet_
Client

Attorney _____

Attorney _____

**STATE OF TEXAS, COUNTY OF HARRIS**

SUBSCRIBED AND SWORN TO BEFORE ME, by the said
_____, on this the _____ day of _____, 20_____ to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____
Printed/typed name of Notary

_____

RECEIVED BY

FEB 0 9 2002

O'QUINN _____ ___ & PIRTLE

Power of Attorney and
Contingent Fee Contract - Page 8

_____
Initials

THREET_LUTHER_00044

20072·2360

**THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT AND
THE TEXAS GENERAL ARBITRATION STATUTE**

## POWER OF ATTORNEY
## AND CONTINGENT FEE CONTRACT

This agreement is made between Client,_____

_____ Berdell Willis _____

referred collectively to as "Client" and the Limited Liability Partnership of JOHN M.

O'QUINN & ASSOCIATES, L.L.P., hereafter referred to as "Attorneys."

In consideration of the mutual promises herein contained, the parties hereto

agree as follows:

### I.  PURPOSE OF REPRESENTATION

1.01  The Client hereby retains and employs Attorneys to sue for and

recover all damages and compensation to which the Client may be entitled as well

as to compromise and settle all claims arising out of **ALL INJURIES AND DAMAGES**

**RELATED TO SILICOSIS AND/OR ANY OTHER TYPE OF INJURY DERIVED FROM**

**SILICOSIS DUST EXPOSURE.**

1.02  It is specifically agreed and understood that Attorneys representation is

limited to specific persons and/or companies named as Clients, and that Attorneys are not

representing or expected to represent any other person or entity not named herein as a

Client.  It is expressly agreed and understood that Attorneys' obligations are limited to

representing Client in the specific matters described herein, and Client's do not expect

Attorneys to do anything else.

RECEIVED BY

JUN 2 2 2002

O'QUINN, LAMINACK & PIRTLE

Power of Attorney and
Contingent Fee Contract - Page 1

B.W.
Initials

WILLIS_BERDELL_0124

## II. ATTORNEYS' FEES

2.      In consideration of the services rendered and to be rendered to Client by Attorney, Client does hereby assign, grant and convey to Attorney the following present undivided interests in all his claims and causes of action for and as a reasonable contingent fee for Attorney's services and said contingent attorneys' fee will be figured on the total net recovery or settlement:

| | |
|---|---|
| 33-1/3% | of any settlement or recovery made before suit is filed thereon; |
| 40% | of any settlement or recovery made after suit is filed; |
| 45% | of any settlement or recovery made after a notice of appeal has been given or an appeal bond has been filed. |

## III. ASSIGNMENT OF INTEREST

3.01 In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in and to all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.

3.02  If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay the attorney's fees which will be figured on the present value of the total settlement including the present value of future payments; such discounting will be computed at a market discount rate.

Power of Attorney and
Contingent Fee Contract - Page 2

*B.W.*
Initials

3.03  All sums due and to become due are payable at the office of John M. O'Quinn in Harris County, Texas.

## IV.  APPROVAL NECESSARY FOR SETTLEMENT

4.01  No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the consultation of the Attorneys.

4.02  Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

## V.  REPRESENTATIONS

5.  It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired.  Should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

Power of Attorney and
Contingent Fee Contract - Page 3

$BdW$,
Initials

WILLIS_BERDELL_0126

## VI. DEDUCTION OF EXPENSES

6.      Client additionally agrees that Attorneys are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorneys have paid or incurred in connection with handling Client's claim or suit, including a share of certain common expenses for things being done for the benefit of this case and other Silicosis Dust Exposure cases being handled by Attorneys. Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery. The attorney fees will be figured on the total recovery or settlement after deducting the Court costs and litigation expenses reimbursed to Attorneys ("total net recovery or settlement" as used above). If Attorneys do not obtain for Client a settlement or recovery, then the Client will not pay any fees or expenses.

## VII. COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys. Client further agrees to keep Attorneys advised of his/her whereabouts at all times, and to provide Attorneys with any changes of address, phone number or business affiliation.

7.02    Attorneys or either of them may, at his/her option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys or either of them decide that he or she cannot continue to

Power of Attorney and
Contingent Fee Contract - Page 4

_B.W._

Initials

be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

### VIII. ASSOCIATION OF OTHER ATTORNEYS

8. Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that John M. O'Quinn & Associates, L.L.P., is a limited liability partnership with a number of attorneys. Various of those attorneys may work on Client's case, and Client agrees that John M. O'Quinn himself is not personally undertaking the representation of Client by virtue of this contract.

### IX. TEXAS LAW TO APPLY

9. This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

### X. ARBITRATION

10. Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by Attorneys to Client or (4) the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association.

Power of Attorney and
Contingent Fee Contract - Page 5

*B.W.*
Initials

WILLIS_BERDELL_0128

Client shall not file a class action against Attorneys or seek to assert any claim or demands against Attorneys by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph X. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI. BANKRUPTCY PROVISIONS

11.     Client represents to Attorneys that he or she is not presently filing, nor contemplating filing, for protection under the United States Bankruptcy Code. Client agrees that in the event he or she files a petition in bankruptcy, Attorneys will be promptly notified of any such event and that the lawsuit or cause of action covered by this Power of Attorney and Contingent Fee Contract will be properly scheduled as an asset by the Client in accordance with the Bankruptcy Code and its rules of procedure. Because a bankruptcy filing by Client could require Attorneys to engage special counsel or to otherwise perform legal services in addition to those services for which Attorneys were retained under this Power of Attorney and Contingent Fee Contract (*e.g.* special retentions by Client or Trustee; issues relating to waiver of privilege and assumption of executory contracts; application and payment of attorney's fees and approval of settlements; etc.), Client agrees that Attorneys shall be fully reimbursed by Client, or reimbursed out of Client's share of the

Power of Attorney and
Contingent Fee Contract - Page 6

*B.W.*
Initials

WILLIS_BERDELL_0129

recovery for the costs incurred for these extra services. Unlike the litigation expenses referenced in Section VI above, Client agrees that any costs incurred by Attorneys in connection with a bankruptcy proceeding will be paid out of Client's share of the recovery. Client expressly consents to Attorneys retaining such other special counsel and/or incurring such costs as reasonably necessary to address additional matters in bankruptcy as raised herein and such retention shall be considered a cost to be deducted from Client's share of the recovery.

### XII. PARTIES BOUND

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

### XIII. LEGAL CONSTRUCTION

13. In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

### XIV. PRIOR AGREEMENTS SUPERSEDED

14. This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

Power of Attorney and
Contingent Fee Contract - Page 7

$\mathcal{B}.\mathcal{W}.$
Initials

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this _____ day of _____, 20___.

**THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND THE TEXAS GENERAL ARBITRATION STATUTE**

X *Berdell Willis*
Client

John M. O'Quinn & Associates, L.L.P.

By: _____

_____
Printed Name of Attorney:

RECEIVED BY
JUN 22 2002
O'QUINN, LAMINACK

**STATE OF TEXAS, COUNTY OF HARRIS**

SUBSCRIBED     AND     SWORN     TO     BEFORE     ME,     by     the     said
_____, on this the _____ day of _____, _____ to witness
my hand and official seal of office.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

_____
Printed/typed name of Notary

Power of Attorney and
Contingent Fee Contract - Page 8

*B.W.*
Initials

WILLIS_BERDELL_0131